**Susanna ANTONYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73266.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided April 1, 2004.

Paula N. Harris, Esq. Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Virginia Lum, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Susanna Antonyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' (the "BIA") summary decision affirming the Immigration Judge's (IJ) denial of her request for asylum, withholding of removal and protection from removal under Article 3 of· the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Antonyan's petition.

When the BIA affirms an IJ's decision without opinion under 8 C.F.R. § 1003.1(a)(7), we review the IJ's decision directly. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003). We review questions of law *de novo. Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir. 2003). We review credibility determinations under the deferential substantial evidence standard. *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002).

Here, the IJ concluded that Antonyan had not established either that she was a member of a political group or that authorities persecuted her because of such a political affiliation. This court reverses an IJ's decision only if the evidence presented

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"compels a reasonable factfinder to reach a contrary result." *Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003) (quotation marks and citation omitted). Antonyan's evidence does not compel such a result. Rather, the record supports the IJ's conclusion that any mistreatment Antonyan suffered was due to a criminal investigation, not because of her political affiliation. Accordingly, she has failed to show an individualized, well-founded fear of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003).

By failing to qualify for asylum, Antonyan necessarily fails to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See*

*Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Antonyan is also not entitled to CAT relief because she did not demonstrate that it is more likely than not that Armenian authorities would torture her if she returned to Armenia. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001).

PETITION DENIED.